UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ROSS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SOUTH BEND, et al., <br><br> Defendants. | CASE NO. 3:21-CV-521-DRL-MGG |

**REPORT AND RECOMMENDATION**

The undersigned issues the following report and recommendation based upon the impasse in the instant action after Plaintiff's deposition on August 31, 2022.

During his deposition, Plaintiff informed Defendants that he possessed additional documents responsive to Defendants' discovery requests—Plaintiff's 2021 tax returns as well as witness statements from his key witnesses—that he had not yet produced to Defendants. Accordingly, after the deposition, Defendants contacted Plaintiff's attorneys inquiring about the status of these documents. On September 15, 2022, Plaintiff's attorneys indicated that they had not received any response from Plaintiff regarding the status of this outstanding discovery despite trying to reach him over the course of two weeks. [*See* DE 39-4 at 1]. Accordingly, Defendants filed a Motion to Compel on September 28, 2022.

This Court addressed the Motion to Compel during a previously scheduled zoom scheduling conference on October 3, 2022. Specifically, the Court granted the Defendants' motion and ordered Plaintiff to produce his two witness statements and his

2021 tax records by October 13, 2022. [DE 40, DE 41]. Plaintiff, however, failed to produce the requested discovery on that date, leading Defendants to file a Motion for Sanctions on October 17, 2022. Defendants' motion specifically sought dismissal of this action with prejudice as a sanction for Plaintiff's failure to comply with the Court's discovery order in accordance with Rule 37(b)(2)(A). Although Rule 37(b)(2)(c) also allows the Court to order payment of expenses, including attorney's fees, Defendants' motion indicated that they were not seeking such fees. [DE 42 at 3, ¶13].

Plaintiff's attorneys timely responded to the Motion for Sanctions, reporting that they had informed Plaintiff of the Court's order granting Defendants' Motion to Compel and that they had notified Plaintiff that he must communicate with them to obtain their assistance. Despite this, Plaintiff's attorneys indicated that they had not received any response from Plaintiff, nor had Plaintiff provided the requested documents to them. Due to this failure to comply with the Court's order as well as his failure to communicate with his attorneys, the Court issued an Order to Show Cause on November 1, 2022, which ordered Plaintiff "to show cause on or before **December 6, 2022**, why this action should not be dismissed." [DE 44 at 2 (emphasis in original)]. The Court warned Plaintiff that failure to respond would result in the undersigned recommending dismissal of his case, and further ordered Plaintiff's attorneys to mail a copy of this order to Plaintiff at his last known address. [*Id.*]

The day after the Court's Order to Show Cause was issued, Plaintiff's attorneys moved to withdraw their appearance citing "an irretrievable breakdown in the attorney-client relationship and attorney-client communications, which make it

2

impossible to continue as counsel for the Plaintiff." [DE 45 at 1, ¶1]. The Court took this motion under advisement and, consistent with the deadline set in the Court's Order to Show Cause, afforded Plaintiff until December 6, 2022, to secure new counsel and for his new counsel to enter an appearance in this action. The Court's order further provided that, "[s]hould Plaintiff be unable to secure new counsel or decide to proceed without representation, he **MUST** file a status report by **December 6, 2022**, informing the Court of his intentions." [DE 48 at 2 (emphasis in original)]. The Court further directed the Clerk to mail a copy of this order, as well as an additional copy of the Court's Order to Show Cause, to Plaintiff at his last known address. [*Id.* at 3].

On December 6, 2022, Plaintiff's attorneys filed a report indicating that Plaintiff did contact them on November 14, 2022, regarding the Court's order to produce his 2021 tax returns and witness statements. [DE 51 at 1, ¶1]. Although Plaintiff faxed a copy of 2019 W-2 form to his counsel later that day, he did not provide his counsel with his 2021 tax return or a copy of the last outstanding witness statement. His attorneys further report that they have been unable to reach Plaintiff since that date despite numerous attempts to reach him by phone and email. [*Id.* at 2, ¶3]. Finally, Plaintiff's attorneys report that no attorney has contacted them purporting to be new counsel for Plaintiff. [*Id.*].

As of this date, Plaintiff himself has not filed anything in response to the Court's orders despite these orders being mailed to him directly at his last known address, nothing in the record shows that Plaintiff has produced the remaining discovery as ordered, and no new counsel has filed an appearance on his behalf. Therefore, the

undersigned can only assume that Plaintiff has abandoned his instant claims against Defendants. For these reasons, the undersigned **RECOMMENDS** that the Court DISMISS Plaintiff's case WITHOUT PREJUDICE for lack of prosecution and failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b). The Clerk is **DIRECTED** to mail of a copy of this Report and Recommendation to Plaintiff at his last known address: 25511 Serenity Drive, South Bend, Indiana 46628.

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 21st day of December 2022.

> s/Michael G. Gotsch, Sr.
> Michael G. Gotsch, Sr.
> United States Magistrate Judge

4