UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES ROSS,

    Plaintiff,

v.                                           CAUSE NO. 3:21-CV-521 DRL-MGG

CITY OF SOUTH BEND *et al.*,

    Defendants.

## ORDER

Magistrate Judge Michael Gotsch recommended that the court dismiss James Ross' case without prejudice for lack of prosecution and failure to comply with court orders [ECF 52]. Mr. Ross didn't object. Fed. R. Civ. P. 72(b)(2). Defendants City of South Bend, Officer James Sweeney, and Officer Anthony Dawson objected, arguing that the dismissal should be with prejudice [ECF 53]. The court afforded Mr. Ross an additional fourteen days to respond to this objection, warning that failure to do so may result in dismissal of the case with prejudice [ECF 54]. He hasn't responded.

Neither side has objected to the magistrate judge's findings and recommendation that this case should be dismissed, so the court now ADOPTS the findings and recommendation with respect to dismissal. The court conducts a *de novo* determination of whether this dismissal should occur with prejudice. *See* 28 U.S.C. § 636(b)(1).

Under Rule 41(b), the court may dismiss a plaintiff's case with prejudice "[i]f the plaintiff fails to prosecute or to comply with […] a court order." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal is a harsh sanction appropriate only when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proved unavailing," *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018), and when an explicit warning has been given to the plaintiff, *see Gabriel v. Hamlin*, 514 F.3d 734, 737 (7th Cir. 2008). Because dismissing a case with prejudice is the most severe sanction

that a court may apply, the court must carefully exercise its judicial discretion in doing so. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). Ultimately, the decision to dismiss depends on all the circumstances, including the following factors: (1) the frequency and magnitude of plaintiff's failure to comply with deadlines for the prosecution of the suit, (2) the apportionment of responsibility for these failures between plaintiff and his counsel, (3) the effect of these failures on the judge's calendar and time, (4) prejudice, if any, to defendant caused by plaintiff's dilatory conduct, (5) the probable merits of the suit, and (6) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *Id.* at 931-32 (quotations and citations omitted).

Considering all the circumstances of this case, dismissal with prejudice is appropriate. Mr. Ross has a clear record of delay and failure to comply with court orders. On October 3, 2022, the court ordered Mr. Ross to produce any unproduced witness statements and his 2021 tax records by October 13, 2022 [ECF 41]. He failed to do so. Then, the court ordered Mr. Ross to show cause by December 6, 2022 why this case should not be dismissed [ECF 44]. When his counsel moved to withdraw [ECF 45], the court ordered Mr. Ross to file a status report by December 6, 2022 regarding the status of efforts to secure new counsel [ECF 48]. He neither showed cause nor filed the required status report by December 6, 2022. On that date, counsel indicated that he had still not produced the documents he had been ordered to produce and had not been in contact with counsel since November 14, 2022 [ECF 51]. Mr. Ross has been warned three times that his failure to prosecute his case and comply with court orders could result in dismissal [ECF 44 at 2; ECF 48 at 2; ECF 54].

The *McMahan* factors also support dismissal with prejudice. First, Mr. Ross has frequently failed to comply with this court's orders, including orders regarding the production of discovery material even after receiving explicit warnings that his case could be dismissed. This continued lack of compliance has resulted in this case being at a standstill for nearly four months as the defendants wait

for the production of discovery material. Such a pattern of behavior without adequate justification and after repeated warnings and opportunities strongly weighs in favor of dismissal with prejudice.

Second, the court considers the apportionment of responsibility for the failures between plaintiff and his counsel. On November 2, 2022, Mr. Ross' counsel moved to withdraw due to "an irretrievable breakdown in the attorney-client relationship and attorney-client communications." [ECF 45]. Since that motion was taken under advisement and Mr. Ross was given time to secure new counsel, the court has treated Mr. Ross as effectively *pro se*. All of the court's orders, including the earlier show cause order, were mailed directly to Mr. Ross at his last known address. Although his counsel has repeatedly attempted to be in contact with him, Mr. Ross has not responded to counsel or to the court's orders [ECF 51]. As such, he alone bears responsibility for his disregard of the court's orders. This factor weighs in favor of dismissal with prejudice.

Third, Mr. Ross' failure to prosecute his case and comply with the court's orders has unnecessarily increased the amount of time the magistrate and district judges have had to devote to monitoring this case. It took a great deal of time to uncover the facts detailed in this order, which has impeded the court's attention to the other matters on its calendar. This factor weighs in favor of dismissal with prejudice.

Fourth, the court examines the prejudice to the defendants. Mr. Ross' failure to prosecute and comply with the court's orders has undoubtedly required defendants to consult their legal counsel and incur additional expenses. Defendants' counsel has made numerous filings related to Mr. Ross' noncompliance, including a motion for sanctions [ECF 42] and a motion for extension of the dispositive motions deadline [ECF 49]. Such imposition is quite against the goal of the efficient administration of justice. *See* Fed. R. Civ. P. 1. This factor weighs in favor of dismissal with prejudice.

Fifth, as discovery was ongoing when Mr. Ross' issues with compliance began, the court is not in a position to determine whether material factual issues exist that would necessitate a trial, nor say

3

with whom a jury would be more likely side after hearing and seeing all the evidence at trial. This factor neither weighs for nor against dismissal with prejudice.

Sixth, Mr. Ross brought this suit after an encounter with law enforcement, which he says resulted in a broken jaw and other damages. He brought claims for violations of his due process rights, unreasonable search and seizure, false arrest, excessive force, failure to intervene, and conspiracy, as well as municipal liability. A civil rights suit of this type has important social objectives, including deterrence and compensation. Dismissal with prejudice under Rule 41(b) tends to dilute these objectives. *See Ball v. City of Chi.*, 2 F.3d 752, 757 (7th Cir. 1993). Accordingly, this factor weighs against dismissal with prejudice.

In sum, one *McMahan* factor (probable merits of the suit) is neutral; one *McMahan* factor (social objectives) weighs against dismissal; and four *McMahan* factors (failure to comply, apportionment of responsibility, effect on court's calendar and time, and prejudice to defendants) weigh in favor of dismissal with prejudice. With these factors in mind, and given Mr. Ross' clear record of delay and failure to comply with court orders plus the court's repeated warnings that failure to comply could result in dismissal, the court is convinced that dismissal with prejudice is appropriate here. Mr. Ross also has not objected to this result though given notice to do so.

In light of this, the court VACATES all hearings and deadlines in this case, GRANTS the motion to seal [ECF 47], DENIES AS MOOT the motion for sanctions [42], GRANTS the motion to withdraw as attorney [45], and, under Fed. R. Civ. P. 41(b), DISMISSES this action with prejudice as to all claims, with the parties to bear their own fees and costs related to these claims. This order terminates this case.

SO ORDERED.

February 1, 2023                                     *s/ Damon R. Leichty*
                                                                        Judge, United States District Court